**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JEAN KERKOVE**                                                                                 **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 4:18-cv-227-SA-JMV**

**NATIONAL RAILROAD PASSENGER
CORPORATION D/B/A AMTRAK,** *ET AL.*                              **DEFENDANTS**

## <u>AGREED PROTECTIVE ORDER</u>

THIS CAUSE came on for hearing upon the Motion for Protective Order of National Railroad Passenger Corporation ("Amtrak"), and the Court having considered this matter and having found that all parties have consented to this Protective Order, hereby orders as follows:

1. The Locomotive Digital Video Recording (LDVR) of the subject incident, bearing production No. <u>KERK/AMK 00001</u>, including the substance and content thereof, is considered confidential information that is subject to the terms of this Protective Order.

2. The LDVR is sensitive and proprietary property of Amtrak and may be used solely for the purpose of this litigation subject to the terms of this order. The transmission or production of the LDVR by Amtrak does not create any interest or right, intellectual or otherwise, in the LDVR and shall not result in any waiver by Amtrak of its property rights, intellectual or otherwise, or of the developer, manufacturer, and/or distributor of the software.

3. The term "LDVR" as used in this order specifically includes any and all CDs, DVDs, videos, electronic copies, recordings and duplicates of the LDVR.

4. Prior to producing the LDVR, or any part thereof, to any party to this lawsuit, Amtrak shall stamp it with the word "Confidential" or other similar language; and in the event that

there is deposition or other testimony regarding the LDVR, or any part thereof, in this lawsuit, counsel of record for Amtrak shall designate those parts of the transcript as "Confidential" by making a statement to that effect on the record and by later confirming that designation, in writing, to all other counsel of record.

5. Counsel of record who receive the LDVR from counsel of record for Amtrak shall not, except as provided in Paragraph 6, divulge or disclose the LDVR, or any part thereof, to any person or entity other than their clients or individuals employed by them to assist in the preparation or trial of this case -- such as secretaries or legal assistants who work with and for said attorneys -- and who have a need to know the content of the LDVR for purposes of this lawsuit. In addition, counsel of record who receive the LDVR from counsel of record for Amtrak may disclose it, or any part thereof, to consulting or testifying expert witnesses who are employed to assist in the preparation or trial of this case.

6. Counsel receiving the LDVR, on behalf of themselves, their secretaries, legal assistants, and staff, shall provide to counsel for Amtrak a signed acknowledgement that he/she has reviewed and understands this Protective Order; that he/she agrees to be bound by all of its terms; that he/she will not reveal the Confidential Information, or any part thereof, to any other person or entity; and that he/she will not discuss the Confidential Information, or any part thereof, with anyone other than the counsel of record who retained him/her. Counsel receiving the LDVR shall also provide to counsel for Amtrak an identical acknowledgement signed by any testifying or consulting expert provided the LDVR pursuant to paragraph 5 of this order. Such written acknowledgements shall be in the form attached to this order as **Exhibit A**.

7. Any person who receives the LDVR in accordance with Paragraphs 5 and 6 above, shall use it solely for the purpose of this lawsuit and except as expressly authorized by this Court, the recipients thereof shall not use, give, show, divulge or otherwise disclose the LDVR, or any part thereof, to any other person or entity.

8. Prior to filing the LDVR, or any part thereof, with the Court as an exhibit or otherwise, the filing party shall give at least five (5) days notice to counsel for Amtrak so that Amtrak may move the Court, pursuant to L. U. Civ. R. 79, to have the LDVR sealed. Provided further, if the Court pursuant to L. U. Civ. R. 79 denies a motion to seal, the party desiring to use the LDVR or other confidential information in connection with a motion or pleading may do so.

9. Within 30 days after the termination of this lawsuit, including any appeals, by final judgment, settlement or otherwise, counsel of record for any party who received the LDVR from counsel of record for Amtrak shall retrieve all such LDVR in their possession, including their employees, consultants and expert witnesses; shall return to counsel of record for Amtrak all copies of the LDVR; and shall certify, in writing, to counsel of record for Amtrak that he/she has complied with this Paragraph 9.

10. No person who receives any form of the LDVR shall sell, offer, advertise, publicize or provide, under any circumstances or conditions, the LDVR, or any part thereof, to any person or entity other than in accordance with the provisions of this Protective Order.

11. In the event that the LDVR, or any part thereof, appears in any form, or by reference, in the hands of an unauthorized person or entity in any proceeding or forum other than this lawsuit as a result of a disclosure by any recipient of the LDVR, including counsel of record and the parties, or if the LDVR has not been retrieved and returned to counsel of record for Amtrak

in accordance with Paragraph 9 above, such shall be considered a direct violation of the provisions of this Protective Order, for which any and all appropriate sanctions may be imposed.

12. Nothing in this Protective Order is intended to deny any party the right to an open and public trial of the issues in this lawsuit, and the Court will address use of the LDVR as evidence and/or additional protections of the LDVR, if necessary, at time of trial.

13. Nothing in this Protective Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents/videos produced or used in discovery or at trial. The court retains the right to amend this Order at any time.

SO ORDERED AND ADJUDGED, this the _____ day of _____, 2018.

_____
MAGISTRATE JUDGE

**AGREED:**

*/s/ Jeremy L. Birdsall*
George H. Ritter
Jeremy L. Birdsall
Counsel for Amtrak & Illinois Central


*/s/ John T. Lamar, III*
John T. Lamar, III
Counsel for Plaintiff

*/s/ Arnold U. Luciano*
Arnold U. Luciano
Counsel for the Bennett Defendants

*/s/ Scott C. Campbell*
Scott C. Campbell

Counsel for Arnold Transportation &
Macker Montgomery

**ACKNOWLEDGEMENT OF RECIPIENT**

   I, the undersigned, on behalf of myself, my employees, secretaries, assistants, staff and associates, hereby acknowledge that I have received a copy of the Locomotive Digital Video Recording (LDVR), produced in the case of "*Jean Kerkove v. National Railroad Passenger Corporation d/b/a Amtrak, et al*" being Civil Action No. 4:18-cv-227-SA-JMV, In the United States District Court for the Northern District of Mississippi, Greenville Division; that such LDVR is subject to a Protective Order entered by the Court in such lawsuit; that I have reviewed such Protective Order; that I will keep it and all copies and/or parts thereof strictly confidential as provided in such in such Protective Order; and that I agree to comply strictly with all terms and conditions of such Protective Order, a copy of which is attached hereto. I further agree to provide counsel for Amtrak a second copy of this form at the address provided below.

_____
SIGNATURE

_____
PRINT NAME

_____
DATE

COUNSEL FOR AMTRAK:
Jeremy L. Birdsall
Wise Carter Child & Caraway, P.A.
Post Office Box 651
Jackson, Mississippi 39205
(P) 601-968-5500

# EXHIBIT A